IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case no. 6:18-cv-01851-PGB-TBS

**BRUCE WRIGHT, JORGE VALDES, EDWIN DIAZ**, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

**EXP REALTY, LLC,** a Washington limited liability company,

*Defendant.*

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Bruce Wright ("Wright"), Plaintiff Jorge Valdes ("Valdes"), and Plaintiff Edwin Diaz ("Diaz") bring this Class Action Complaint and Demand for Jury Trial against Defendant eXp Realty, LLC ("eXp Realty" or "eXp") to stop eXp from violating the Telephone Consumer Protection Act ("TCPA") by directing its agents to make unsolicited calls to consumers, included prerecorded voice message calls, autodialed calls, and other cold calls to phone numbers registered on the National Do Not Call registry ("DNC"), and to obtain injunctive and monetary relief for all persons injured by eXp Realty's conduct. Plaintiffs, for this Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### INTRODUCTION

1. eXp Realty is an agent-owned real estate brokerage with over 10,000 agents working throughout the U.S.[1]

---

[1] https://www.markzproperties.com/blog/why-i-left-keller-williams-and-chose-exp-realty.html

2. eXp Realty advertises itself to agents as an innovative real estate brokerage that provides agents with lead generation tools and dialers to promote eXp's business.[2] eXp Realty provides training and support to its agents, directing their marketing, including their use of lead generators and autodialers, to maximize their sales.[3]

3. A key component of eXp Realty's marketing plan has been for agents to purchase lists of phone numbers associated with expired real estate listings and to call these numbers using an autodialer and/or pre-recorded voice message. eXp knowingly and directly benefits since eXp provides all of its agents with a cost-free autodialer, trains agents on how to obtain leads and use the autodialer to call them, and shares in agents' commissions.

4. Consistent with eXp's marketing plan, eXp Realty agents placed 2 unwanted, autodialed solicitation calls to 2 of Plaintiff Wright's cellular phone numbers relating to an expired listing.

5. In Plaintiff Valdes' case, eXp Realty agents placed 5 unwanted, autodialed solicitation calls to Valdes' cellular phone relating to an expired listing.

6. In Plaintiff Diaz's case, eXp Realty agents placed at least 2 unwanted solicitation calls, including at least 1 prerecorded voice message call to Diaz's cellular phone related to an expired listing.

7. In response to these calls, Plaintiffs file this lawsuit seeking injunctive relief, requiring Defendant to cease directing its agents to violate the TCPA by placing unsolicited calls to consumers, including calls made using an automatic telephone dialing system and/or prerecorded voice message, and calls to numbers registered on the national DNC, as well as an award of statutory damages to the members of the Classes and costs.

---

[2] http://join.exprealty.com/powerful-technology/
[3] *Id.*

## PARTIES

8. Plaintiff Wright is a Point Roberts, Washington resident.

9. Plaintiff Valdes is a Tustin, California resident.

10. Plaintiff Diaz is a Kissimmee, Florida resident.

11. Defendant eXp Realty is a Washington limited liability company headquartered in Washington. Defendant conducts business through its agents throughout this District, the State of Florida, and the United States.

## JURISDICTION AND VENUE

12. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

13. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District and the state of Florida, and because the wrongful conduct giving rise to this case occurred at least in part in this District. The eXp agents that made the calls to Plaintiffs Wright and Diaz were located in and directed their calls towards this District.

## COMMON ALLEGATIONS

### eXp Realty Directs Its Agents to Market eXp's Services By Purchasing Lists of Leads and Calling Them Without Consent

14. eXp provides training to its agents through a cloud platform, including specific training on how to market eXp's services.

15. One key marketing tactic that eXp promotes is obtaining phone numbers associated with expired property listings and cold calling those phone numbers in the hopes of retaining clients still seeking to sell their property. In addition to the Kunversion lead generator

3

tools and autodialer eXp supplies to all of its agents, eXp promotes various other lead generators and autodialers, including Landvoice, RedX, and Mojo.

16. Landvoice, RedX, and Mojo sell real estate leads such as expired listing leads including phone numbers associated with expired listings. Landvoice, RedX, and Mojo deliver multiple phone numbers (including cell phone numbers) for each lead to ensure that the agent calling has the best chance of reaching the client. [4, 5] (This type of lead gathering approach has been commonly used by debt collectors.)

17. Landvoice, Mojo, and Kunversion also provide a software platform which allows for the automatic loading of the leads lists, using a sequential number generator, into a "Power Dialer," an automatic telephone dialing system that "dial[s] leads" at a rate of 80 to 300 per hour, which also delivers a pre-recorded message if calls are not answered.[6, 7]

18. Ultimately, eXp is directing its agents to obtain phone numbers associated with expired listings and to call them using an autodialer and/or prerecorded voice message, regardless of whether the consumers are registered on the DNC.[8]

**The Problem with Harvesting Expired Listing Phone Numbers**

19. The problem with harvesting expired listing phone numbers is that neither the lead generators nor eXp have consent to call them using an autodialer and/or prerecorded voice

---

[4] Landvoice is owned by Domega, Inc., "the world leader of data aggregation and lead generation [which uses] hi-tech creative systems to give clients hard-to-get data and leads." *See* https://www.linkedin.com/company/domega-inc-/https://www.linkedin.com/company/landvoice/
[5] http://live.expcloud.com/category/xcamp/page/2/; https://www.theredx.com/

[6] http://live.expcloud.com/xcamp/xcamp-prospecting-expired-listings-the-redx-chicago-title-and-more/
[7] Landvoice's lists of leads are also intended by Landvoice to be easily integrated and loaded to any autodialer, not just the one provided as part of Landvoice's service. *See* blog available at, http://activerain.com/blogsview/1170875/mojo-and-landvoice--we-play-well-together---.
[8] https://www.youtube.com/watch?v=fT_kUZNKh4o&ab_channel=BryanCasella; https://tknorr.exprealty.com/agent/MM9FC90F30AA59423FBD786DDC58035FEC; https://www.theredx.com/products/expired-leads/

message and/or if they are registered on the DNC.  This is a clear violation of the TCPA.

20. In addition, these services that generate multiple phone numbers for each expired listing often include phone numbers tangentially related to the owner of the property such as family members of the property owner who do not own or have anything to do with the property, resulting in unsolicited calls to consumers not even directly related to the expired listings.

21. Under the TCPA, a caller must have prior express written consent to make a solicitation call using an autodialer and/or prerecorded voice message, or to otherwise made a solicitation call to a number registered on the DNC.

22. Yet in violation of this rule, Defendant fails to obtain express written consent to call consumers such as Plaintiffs.

23. In placing some or all of the calls that form the basis of this Complaint, Defendant used a prerecorded voice message and/or an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. In addition to being able to deliver prerecorded voice messages, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

### PLAINTIFF WRIGHT'S ALLEGATIONS

#### eXp Realty Agents Called Plaintiff Wright's Cell Phone Numbers Without Wright's Consent Using an Autodialer

24. In 2017, Plaintiff Wright, through a Re/Max real estate agency, listed for sale an apartment he owns in Orlando, Florida.  The official multiple listing service (MLS) listing for the

5

property, provided the Re/Max agent's telephone number as a contact number, and did not list any of Wright's telephone numbers. In late 2017, at Wright's request, Re/Max removed Wright's listing from the market.

25. On July 2, 2018, Plaintiff Wright received a phone call on his main cell phone at 1:43 PM (PST) from an eXp Realty agent using phone number 407-602-1989.

26. At exactly the same time (1:43 PDT) on July 2, 2018, Plaintiff Wright received a call on his second cell phone from an eXp Realty agent using phone number 407-602-1989.

27. 407-602-1989 is a phone number that is owned/controlled by an eXp Realty agent.[9]

28. Upon information and belief, the CINC dialer was used to place the 2 calls to Plaintiff Wright's cellular phone numbers.[10] The CINC dialer has the ability to dial multiple numbers at the same time.[11]

29. Plaintiff Wright did not have a relationship with eXp Realty, and never consented to being called by eXp.

**PLAINTIFF VALDES' ALLEGATIONS**

**eXp Realty Agents Called Plaintiff Valdes' Cell Phone Number Without Consent Using an Autodialer, Despite Valdes Having His Phone Number Registered With the DNC**

30. Plaintiff Valdes registered his cellular phone with the DNC on January 8, 2010 in order to avoid receiving unsolicited calls.

31. On August 14, 2018 at 10:19 AM, Plaintiff Valdes received an unsolicited call

---

[9] Matthew Freda, owner of Team Freda is a registered eXp Realty agent: https://experts.expcloud.com

[10] Team Freda utilizes the website http://www.findorlandoareahouses.com. This website utilizes a CINC website template that is provided to all subscribers of the CINC system. The template and its functionality are shown here: https://www.youtube.com/watch?v=vfWSwwEgwkU

[11] https://www.commissionsinc.com/difference/

6

from an eXp agent named Armando Jiminez using phone number 323-434-5296.

32. On October 29, 2018 at 11:59 AM, Plaintiff Valdes received an autodialed call to his cellular phone, this time from Greg Johnson, an eXp agent who called using phone number 562-446-5267.

33. Plaintiff Valdes did not have a relationship with eXp Realty, and never consented to being called by eXp.

## PLAINTIFF DIAZ'S ALLEGATIONS

### eXp Realty Agents Called Plaintiff Diaz's Cell Phone Number Using an Autodialer and Prerecorded Voice Message Without Consent, Despite Diaz Having His Phone Number Registered With the DNC

34. Plaintiff Diaz has had his cell phone registered on the DNC for many years.

35. In late 2018, Diaz began to receive unsolicited calls from real estate agents regarding a property that had previously been listed by Diaz's father. The listing had expired, and the agents were soliciting Plaintiff Diaz to relist the property.

36. Diaz never lived in or had any ownership in the property the agents were calling about. Diaz's phone number was never associated with the property.

37. On January 2, 2019 at 2:19 PM, Diaz received a prerecorded voicemail on his cellular phone from an eXp agent using phone number 407-476-8242:



38. On information and belief, including the fact that Plaintiff Diaz received numerous other calls on his cellular phone from real estate agents that did not identify themselves, Diaz received at least one additional solicitous call from eXp realty in the last 12 months.

39. Plaintiff Diaz dis not have a relationship with eXp Realty, and never consented to being called by eXp.

40. The unauthorized telephone calls made by eXp Realty, as alleged herein, have harmed Plaintiffs in the form of annoyance, nuisance, and invasion of privacy, and disturbed their use and enjoyment of their phones, in addition to the wear and tear on the phones' hardware (including the phones' batteries) and the consumption of memory on the phones.

41. Seeking redress for these injuries, Plaintiffs, on behalf of themselves and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded and autodialed telephone calls to cellular telephones, and unsolicited calls to phone numbers registered with the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiffs' TCPA Claims

42. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and all others similarly situated and seek certification of the following Classes:

> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a prerecorded voice message, and (3) for whom Defendant (a) claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiff Diaz, or (b) does not claim it obtained prior express written consent.
>
> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using a dialer

substantially similar to the dialer used to call Plaintiffs, and (4) for whom Defendant (a) claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiffs, or (b) does not claim it obtained prior express written consent.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called/texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the DNC for at least thirty days, (4) for substantially the same reason Defendant called Plaintiffs Valdes and Diaz, and (5) for whom Defendant (a) claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiffs Valdes and Diaz, or (b) does not claim it obtained prior express written consent.

43. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiffs anticipate the need to amend the Class definitions following appropriate discovery.

44. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

45. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a) whether Defendant placed calls to Plaintiff Diaz and the members of the Prerecorded No Consent Class using a prerecorded message;

(b) whether Defendant used an automatic telephone dialing system to make its calls to Plaintiff Wright, Plaintiff Valdes, Plaintiff Diaz and the members of the Autodialed No Consent Class;

(c) whether Defendant placed multiple solicitation calls to Plaintiff Valdes, Plaintiff Diaz and members of the Do Not Call Registry Class;

(d) whether Defendant placed calls to Plaintiffs and the Classes without first obtaining prior express written consent to make the calls;

(e) whether Defendant's conduct constitutes a violation of the TCPA; and

(f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

46. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to any Plaintiff. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Plaintiffs and their counsel do not have any interest adverse to the Classes.

47. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to any Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single

adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Diaz and the Prerecorded No Consent Class)**

48. Plaintiff Diaz repeats and realleges paragraphs 1 through 47 of this Complaint and incorporates them by reference.

49. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff Diaz and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

50. These prerecorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Diaz and the other members of the Prerecorded No Consent Class.

51. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Diaz and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of All Plaintiffs and the Autodialed No Consent Class)**

52. Plaintiffs repeat and reallege paragraphs 1 through 47 of this Complaint and incorporate them by reference herein.

53. Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiffs and the other members of the Autodialed No Consent Class using an autodialer.

54. These solicitation telephone calls were made *en masse* without the consent of

Plaintiffs and the other members of the Autodialed No Consent Class.

55. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiffs and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Valdes, Plaintiff Diaz and the Do Not Call Registry Class)**

56. Plaintiffs Valdes and Diaz repeat and reallege paragraphs 1 through 47 of this Complaint and incorporate them by reference herein.

57. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

58. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[12]

59. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

60. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

---

[12] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

61. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, more than one solicitation call and/or text message telephone solicitations to telephone subscribers such as Plaintiff Valdes, Plaintiff Diaz and the Do Not Call Registry Class members who registered their respective telephone numbers on the DNC.

62. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiffs and the other members of the Do Not Call Registry Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiffs as the representatives of the Classes; and appointing their attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiffs and the Classes, and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs request a jury trial.

Respectfully Submitted,

**BRUCE WRIGHT**, **JORGE VALDES**, **EDWIN DIAZ**, individually and on behalf of those similarly situated individuals

Dated: January 24, 2019

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Trial Counsel*

Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Classes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Avi R. Kaufman*