UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUCE WRIGHT, JORGE VALDES and
EDWIN DIAZ,

    Plaintiffs,

v.                                                  Case No:   6:18-cv-1851-Orl-40TBS

EXP REALTY, LLC,

    Defendant.

## ORDER

Pending before the Court is Defendant eXp Realty, LLC's Motion to Strike Class Allegations (Doc. 48) and Plaintiffs' Response in Opposition (Doc. 50).

### Background

This is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiffs Bruce Wright, Jorges Valdes, and Edwin Diaz allege that Defendant, eXp Realty, a real estate brokerage, violated the TCPA by making unsolicited telephone calls with an ATDS (automated telephone dialing system) or prerecorded voice and by calling phone numbers registered on the National Do Not Call Registry (the "DNC Registry") (Doc. 30). Plaintiffs assert that eXp Realty encourages its agents to purchase lists of phone numbers as a marketing tool and to place calls to numbers associated with expired real estate listings (Id., ¶¶ 1, 3). Allegedly, eXp Realty "provides all of its agents with a cost-free autodialer, trains agents on how to obtain leads and use the autodialer to call them, and shares in agents' commissions" (Id. at ¶ 3). Plaintiffs deny having any relationship with eXp Realty and claim that they each received unwanted calls from its agents (Id. at ¶¶ 4-6, 29, 33, 39). Plaintiffs are asking the Court to

certify three nationwide classes, defined as:

> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a prerecorded voice message, and (3) for whom Defendant (a) claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiff Diaz, or (b) does not claim it obtained prior express written consent.
>
> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using a dialer substantially similar to the dialer used to call Plaintiffs, and (4) for whom Defendant (a) claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiffs, or (b) does not claim it obtained prior express written consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called/texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the DNC for at least thirty days, (4) for substantially the same reason Defendant called Plaintiffs Valdes and Diaz, and (5) for whom Defendant (a) claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiffs Valdes and Diaz, or (b) does not claim it obtained prior express written consent.

(Doc. 30, ¶ 42). Plaintiffs bring three claims under the TCPA: Count I (on behalf of Diaz and the Prerecorded No Consent Class) – for calls made with prerecorded voice messages without prior express written consent; Count II (on behalf of all Plaintiffs and the Autodialed No Consent Class) – for calls made with an autodialer without prior consent; and Count III (on behalf of Plaintiffs Valdes, Diaz and the Do Not Call Registry Class) – for calls made to phone numbers on the DNC Registry. (Id. at ¶¶ 48-62). Defendant has filed its Answer and Affirmative Defenses (Doc. 40) and mediation is

scheduled for June 21, 2019 (Doc. 42). Now, Defendant moves pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D) to strike Plaintiffs' class allegations, contending that the classes proposed in the complaint cannot be certified as a matter of law.

## Discussion

A class action under Fed. R. Civ. P. 23(a) is appropriate only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. If Rule 23(a) is satisfied, a class action may be maintained if the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(2) and (b)(3). Plaintiffs maintain that certification is appropriate under Rule 23(b)(2) and (b)(3) (Doc. 30, ¶ 42).

Defendant argues that the class definitions are facially uncertifiable because the complaint fails to allege acts that apply generally to the class and therefore, common issues of fact cannot predominate. Defendant contends that the individual issues predominate across the putative classes because Plaintiffs base their class definitions on issues of consent that will vary between class members. But this argument is premature. In a recently filed Joint Stipulation, the parties represented that, as part of discovery,

Defendant provided to Plaintiffs the names and addresses for the five eXp Realty realtors who called Plaintiffs but "[t]o date, Plaintiffs have been able to serve subpoenas on only two of the five realtors" (Doc. 52, ¶¶ 4,6). The parties jointly asked for an extension of dates relating to the class certification issue, explaining: "As a result of the inability to date to serve the remaining three subpoenas, the parties do not have the information regarding how and to whom calls were made to necessary to engage in meaningful settlement discussions, obtain expert opinions, and brief class certification." (Id., ¶ 7). The Court granted the motion and entered an Amended Case Management and Scheduling Order, allowing additional time to obtain the information and move for class certification (Doc. 53 and 54).

Defendant acknowledges in its motion that in some instances, discovery may be needed to aid in the determination of whether a class action is appropriate (Doc. 48 at 5). Here, the parties have jointly represented that more information is needed to brief class certification. It follows that Defendant's motion should be, and it is **DENIED as premature**. See Oginski v. Paragon Properties of Costa Rica, LLC, 10-21720-CIV, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011) ("Defendants' arguments related to Plaintiff class allegations are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss.").

The district judge to whom this case is assigned has previously stated that dismissal of class allegations at the pleading stage is "extreme" and "is only available where the face of the pleadings reveal that class certification will be impossible." Sullivan v. Gov't Employees Ins. Co., 6:17-cv-1755-Orl-40KRS, 2018 WL 4759905, at *2 (M.D. Fla. Aug. 1, 2018) (citing Lawson v. Life of the S. Ins. Co., 286 F.R.D. 689, 695 (M.D. Ga. 2012). See also Romano v. Motorola, Inc., No. 07-civ-60517, 2017 WL 4199781, at *2

(S.D. Fla. Nov. 26, 2007). The motion is also **DENIED** because Defendant has not met this high standard.

This Order does not preclude Defendant from making its Rule 23 arguments at the appropriate time.

**DONE** and **ORDERED** in Orlando, Florida on June 13, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record