**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

CASE NO. 6:18-CV-01851-PGB-TBS

| | |
|---|---|
| **BRUCE WRIGHT, JORGE VALDES, EDWIN DIAZ,** individually and on behalf of all others similarly situated, | |
| Plaintiffs, | **CLASS ACTION** |
| v. | |
| **EXP REALTY, LLC,** | |
| Defendant. | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

The Court should deny eXp's motion to stay pending the Supreme Court's decision in *Barr v. American Association of Political Consultants Inc.* for two reasons.

First, under well-established Eleventh Circuit precedent, a grant of certiorari does not justify a stay of proceedings where Eleventh Circuit precedent is clear. Consistent with Eleventh Circuit precedent as to the severability of unconstitutional provisions of statutes, every district court in this Circuit to reach the issue on appeal in *Barr* has concluded, as the Fourth Circuit did in the underlying case, that even if the government debt exception to the Telephone Consumer Protection Act is unconstitutional, the provision can be severed, and the remainder of the TCPA remains in full force and effect. Simply because eXp hopes the Supreme Court will overturn the Fourth Circuit's decision—and change clear Eleventh Circuit law— does not warrant a stay pending the decision in *Barr*.

Second, eXp fails to satisfy its burden to demonstrate that it will suffer hardship or inequity if this case is not stayed.

## I.   The Grant of Certiorari in *Barr* Does Not Support a Stay Here

"[G]rants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied."  *In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016).  The Eleventh Circuit has repeatedly held that the Supreme Court's grant of certiorari to consider a legal question does not indicate that a change in the law is forthcoming and therefore does not merit a stay of litigation in actions in which that question may arise.  *E.g., U.S. v. Smith*, 752 F. App'x 867, 869 (11th Cir. 2018) ("Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent[.]"); *Schwab v. Sec'y, Dep't of Corr.*, 507 F.3d 1297, 1298-99 (11th Cir. 2007) (vacating a stay pending a Supreme Court ruling because "[t]he grant of certiorari on an issue does not suggest a view on the merits"); *see Speer v. Whole Food Market Group, Inc.*, No. 8:14-cv-3035-T-26TBM, 2015 U.S. Dist. LEXIS 57783, *2 (M.D. Fla. April 29, 2015) ("consistent with established Eleventh Circuit precedent that a grant of certiorari by the Supreme Court does not change the law … a stay of these proceedings to await a decision from the Supreme Court … is not warranted"); *see also Ga. State Conf. of the NAACP v. Georgia*, 269 F. Supp. 3d 1266, 1283 (N.D. Ga. Aug. 25, 2017) ("The Supreme Court… could rule in a variety of ways on the issues before it …, including not ruling on them at all. … If the Supreme Court's ruling … impacts any ruling in this case, that ruling can be adjusted accordingly."); *Anderson v. U.S.*, No. CV 116-136, 2017 U.S. Dist. LEXIS 82176, * 2 (S.D. Ga May 30, 2017) (denying motion to stay pending decision after grant of certiorari).

In *Barr*, the Fourth Circuit held that the government debt collection exception to the TCPA's automated calls provision is severable if unconstitutional and that the remainder of the TCPA, including the automated calls provision, remains in effect.  *Am. Ass'n of Political Consultants v. FCC*, 923 F.3d 159 (4th Cir. 2019).  Courts in this district have universally reached the

same conclusion based on well-established Eleventh Circuit precedent. *E.g., Sliwa v. Bright House Networks, LLC*, No. 2:16-cv-235-FtM-29MRM, 2018 U.S. Dist. LEXIS 84707, at *5 (M.D. Fla. May 21, 2018) ("there are no substantial grounds for a difference of opinion regarding severability of the Government-Debt Exception if it does indeed violate the First Amendment"); *see Grigorian v. Tixe Realty Servs.*, No. 19-81106-CIV, 2019 U.S. Dist. LEXIS 198963, at *3 (S.D. Fla. Nov. 18, 2019) ("the TCPA is a valid content-neutral restriction that does not violate the first amendment, or alternatively, … any first amendment problem is remedied by severing the government-debt-collection provision"); *Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073-CIV, 2019 U.S. Dist. LEXIS 57136, at *13 (S.D. Fla. Apr. 3, 2019) ("[I]f the amended TCPA were deemed unconstitutional, a finding of severability would cure the constitutional defect and preclude invalidation of the entire statute. Because Plaintiff's cause of action does not implicate the 2015 amendments, the claim survives whether the amendments are stricken or not."); *see also Schaevitz v. Braman Hyundai, Inc.*, No. 1:17-cv-23890-KMM, 2019 U.S. Dist. LEXIS 48906, at *29 (S.D. Fla. Mar. 25, 2019) ("Defendant's motion to dismiss this action because of the unconstitutionality of the TCPA is DENIED.").

This is because, among other reasons, the Communications Act, codified as Title 47, Chapter 5 of the U.S. Code, of which the TCPA is a part, includes an express "Separability" provision:

> If any provision of this chapter or the application thereof to any person or circumstance is held invalid, the remainder of the chapter and the application of such provision to other persons or circumstances shall not be affected thereby.

47 U.S.C. § 608 (referring to Chapter 5, of which the TCPA is a part); *see Reno v. ACLU*, 117 S. Ct. 2329, 2350 (1997) (considering the constitutionality of 47 U.S.C. § 223 and holding that "we will follow § 608's guidance by leaving constitutional textual elements of the statute intact in the

one place where they are, in fact, severable"); *see also Sliwa*, 2018 U.S. Dist. LEXIS 52509, at *14-15 ("But even without this Separability provision (which predated both the TCPA and the Government-Debt Exception amendment), there can be no doubt that Congress would have enacted the remainder of the anti-robocall provision, irrespective of the constitutional fate of the Government-Debt Exception; Congress did enact the provision prior to adding that clause. … [I]n light of the severability of the Government-Debt Exception — a finding that the anti-robocall provision is unconstitutional would have no effect on Bright House's exposure to liability under the TCPA.").

Therefore, notwithstanding the grant of certiorari in *Barr*, unless and until the Supreme Court issues a decision that actually changes the law, the Court is duty-bound to apply existing precedent if required to evaluate the constitutionality of the TCPA based on the government debt collection exception.[1]  A stay pending the Supreme Court's decision in *Barr* is therefore not warranted, and the Court should deny eXp's motion to stay.

## II.  eXp Fails to Satisfy its Burden to Demonstrate Prejudice Absent a Stay

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citations omitted).  The proponent "must make out a clear case of hardship or inequity in being required to go forward[.]"  *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). eXp has not met that burden here, and, in fact, fails to set forth any hardship or inequity that it will suffer if the case goes forward, much less "a clear case." *See* Motion (D.E. 94) at ¶¶ 5-6 (identifying "judicial efficiency and economy" and the purported absence of prejudice to Plaintiff as the sole bases for requesting a stay); *see also Wright v. eXp Realty, LLC*, No. 6:18-cv-1851-Orl-40TBS,

---

[1] Notably, the Court does not need to reach the constitutionality issue resolved in *Barr* because eXp's Answer and Affirmative Defenses [D.E. 40] fail to raise as an affirmative defense the unconstitutionality of the TCPA based on the government debt exception.

2019 U.S. Dist. LEXIS 96516, at *13 (M.D. Fla. June 7, 2019) (denying eXp's prior motion to stay and finding: "A stay will unduly delay and therefore prejudice Plaintiffs"); *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) ("plaintiffs have a strong interest in being fully compensated for their losses as soon as possible, and therefore, a stay is not appropriate"); *United States v. Swissco Properties within S. Dist.*, 821 F. Supp. 1472, 1475 (S.D. Fla. 1993) ("justice delayed is justice denied.").

> For this reason alone, the Court should deny eXp's motion.

* * *

> Accordingly, the Court should deny eXp's motion to stay.

Dated: February 5, 2020

/s/Avi R. Kaufman
Avi R. Kaufman (Florida Bar no. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881

Stefan Coleman (Florida Bar no. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiffs and the putative Classes*