UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:18-cv-01851-Orl-40EJK

BRUCE WRIGHT, JORGES VALDES, )
EDWIN DIAZ, individually and on )
behalf of all others similarly situated, )
)
           Plaintiffs, )
)
v. )
)
EXP REALTY, LLC, a Washington )
limited liability company, )
)
           Defendant. )
_____

**DEFENDANT EXP REALTY, LLC'S MOTION TO STAY PROCEEDINGS**

**I.   INTRODUCTION**

Defendant eXp Realty, LLC ("Defendant" or "eXp Realty") respectfully requests this Court stay this action pending a ruling from the United States Supreme Court in *Facebook Inc. v. Duguid*, Case No. 19-511 ("*Duguid*").

The TCPA prohibits a person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ("ATDS") or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service[.]"  47 U.S.C. § 227(b)(1)(A).  Consequently, Plaintiffs Bruce Wright, Jorges Valdes, and Edwin Diaz (collectively, "Plaintiffs") must prove that: (1) eXp Realty sent a communication to the Plaintiffs; (2) using an ATDS; and (3) without prior express consent.  *Id.*  And in this matter, Plaintiffs allege that eXp Realty violated the TCPA by using an ATDS to send communications to Plaintiffs, and on that basis seek to assert a class action.  *See* Amended Complaint. (Dkt. 30 ¶ 23).

On July 9, 2020, the Supreme Court granted a writ of certiorari for the Ninth Circuit's decision in *Duguid v. Facebook Inc.*, 923 F.3d 1146 (9th Cir. 2019), limited to the following question :

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

A stay of all proceedings in this case is therefore warranted because the Supreme Court's decision will directly impact a material dispute in this case, the definition of an ATDS, and will provide substantial guidance to this Court and the parties in resolving this dispute. Because of the multifarious pronouncements concerning the meaning of an ATDS under the TCPA , a stay of this action would serve the orderly administration of justice by conserving this Court's resources pending further guidance by the Supreme Court and avoiding a ruling based on a definition of an ATDS that conflicts with the Supreme Court's ultimate interpretation of the TCPA in *Duguid*. *See Landis v. N. Am. Co.*, 299 U.S. 248, 253 (1936) (holding that a stay may be warranted where the resolution of other litigation would likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved").

## II.     ARGUMENTS AND CITATION TO AUTHORITY

### A.     Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254-55. "[T]he decision to grant a stay … is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (citation omitted). This discretion is "incident to [a district court's] power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998)

3

("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted); *Robinson v. Section 23 Prop. Owner's Ass'n*, No. 2:12-cv-675-FtM-29CM, 2014 WL 2215757, at *6 (M.D. Fla. May 27, 2014) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

In determining whether to grant a stay, courts generally consider "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Freedom Sci., Inc. v. Enhanced Vision Sys.*, 2012 U.S. Dist. LEXIS 11410, *2; *see also Coatney v. Synchrony Bank*, 2016 U.S. Dist. LEXIS 118768, *2, 2016 WL 4506315 (same).

Application of the foregoing factors warrants granting a stay here.

### B. This Court Should Stay the Instant Action As it Would Streamline the Litigation.

Staying all proceedings in this case pending the Supreme Court's decision in *Duguid* would promote judicial efficiency as *Duguid* will clarify a material dispute, i.e. the threshold definition of an ATDS, as Plaintiffs' claim against eXp Realty is dependent upon the alleged use of an ATDS. *See* Amended Complaint. (Dkt. 30 ¶ 23).

District Courts routinely stay proceedings pending the resolution of a case by the Supreme Court where the resolution of the issues on appeal directly impact the course of the litigation. *See Jacobs v. Ocwen Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 57500, *5 (granting a stay in a TCPA case where the definition of an ATDS was at issue during the pendency of *ACA International*); *see also Ralph v. HAJ, Inc.*, No. 17cv1332 JM(JMA), 2017 U.S. Dist. LEXIS 187335, at *8 (S.D. Cal. Nov. 13, 2017); *see also Coatney*, 2016 U.S. Dist. LEXIS 118768, 2016 WL 4506315, at *2 (granting a stay in a TCPA case noting that a stay pending the D.C. Circuit's decision in ACA International

4

"will conserve judicial resources, will help clarify the law, and will enable this Court to render a sound decision"); *see also, Hoffman v. Jelly Belly Candy Co.*, No. 2:19-cv-01935-JAM-DB, 2020 U.S. Dist. LEXIS 112663, at * 6 (E.D. Cal. June 26, 2020) (waiting for the Supreme Court's decision in Barr and "possibly also *Duguid*[] will allow this Court to adjudicate the issues before it with far greater certainty. To do otherwise would be a waste of judicial resources and a waste of the parties' time and energy"); *see also Ricks v. Allied Interstate, LLC*, Case No. 3:16-cv-00205-HES-PDB, 2016 U.S. Dist. LEXIS 118956, 2016 WL 4505173, at *1 (M.D. Fla. July 11, 2016) [*6] (internal citation omitted) (granting a stay pending ACA International as "the decision in ACA International may be outcome-determinative to this case because it may determine whether [defendant] was using an [automatic telephone dialing system], a necessary element of the causes of action in [plaintiff's] [a]mended [c]omplaint."); *Seefeldt v. Entm't Consulting Int'l*, Case No. 19-cv-001888, 2020 U.S. Dist. LEXIS 31815 (E.D. Mo. Feb. 25, 2020); *Mackiewicz v. Nationstar Mortg., LLC*, Case No: 6:15-cv-465-Orl-18GJK, 2015 U.S. Dist. LEXIS 180770, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015). Indeed, this Court previously granted a stay where the Supreme Court was set to determine a pivotal issue in the instant action. [Dkt. 99](granting eXp realty's motion to stay, and held that "any proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am. Ass'n* will be – among other things – a waste of judicial resources and a waste of the parties' time and energy").

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). However, courts across the country are currently divided as to whether random or sequential number generation is required for equipment to qualify as an ATDS, or whether equipment qualifies as an ATDS if it has the capacity to store numbers to be called and to dial those numbers automatically. *See, e.g., Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *Gadelhak v.*

5

*AT&T Servs.*, 950 F.3d 458, 469 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1309-10 (11th Cir. 2020). In granting a writ of certiorari in *Duguid*, the Supreme Court will consider the key question: whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

Granting a stay in this action would conserve resources that might be unnecessarily expended, because *Duguid* will provide clarity on the definition of an ATDS and the definition of an ATDS directly impacts the course of this litigation. Timeliness is also unlikely to be a concern in this case because, as in Centeno, the stay will likely last "no longer than the year or so it will take the Supreme Court to decide" *Duguid*. See 310 F.R.D. at 491. A short stay of limited duration would best serve the interest of judicial efficiency by preventing an action from proceeding that will certainly be impacted by the Supreme Court's decision. *See Jones v. Fiorella Ins. Agency*, CASE NO. 20-CV-14105, 2020 U.S. Dist. LEXIS 119167, *7, 2020 WL 3637377 (M.D. Fla. Jul. 1 2020; *see also St. Louis Heart Ctr Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215-AGF, 2015 U.S. Dist. LEXIS 150776, at *12-13 (E.D. Mo. Nov. 4, 2015) (granting stay for TCPA claims pending resolution of United States Supreme Court case interpreting TCPA, explaining that the "finite and moderate" stay "will conserve significant resources without unfair prejudice or burden on the Plaintiff"); *see also A.M. v. Bridgecrest Acceptance Corp.*, Case No. 4:20-cv-00553-SEP, 2020 U.S. Dist. LEXIS 112936, at *8 (E.D. Mo. June 26, 2020) (noting that "were the Supreme Court to grant certiorari in [*Duguid*], there might be good reason to stay this case pending resolution of that one").

### C. Plaintiffs Would Not Suffer Damage if a Stay is Granted, Because a Stay is in the Best Interest of Both Parties.

Plaintiffs will not be prejudiced by a stay at this time. Plaintiffs have not alleged that they continue to receive communications from eXp Realty, or that they suffer any other continuing harm. *See generally* Amended Compl. However, both Parties could face hardship if the case

proceeds when a forthcoming Supreme Court decision will touch on a foundational issue in this case. There is simply no reason or need for the parties to expend resources and time engaging in discovery that might be entirely unnecessary or greatly reduced when the Supreme Court issues its ruling governing this case.

Numerous courts faced with similar circumstances have found it prudent to stay proceedings while awaiting a Supreme Court decision that directly touches issues central to the case. For example, in *Hoffman*, the court granted a stay pending the resolution of Barr and "possibly" *Duguid* because "[t]o do otherwise would be a waste of judicial resources and a waste of the parties' time and energy," a stay of the action at hand would favor both Plaintiffs and eXp Realty.  *See* 2020 U.S. Dist. LEXIS 112663 at *6.  Just as in *Hoffman*, the "definitional problem" of what equipment constitutes an ATDS is critical to this dispute, as Plaintiffs alleged that eXp Realty used an ATDS to contact them.  *See* Amended Complaint. (Dkt. 30 ¶ 23).  Should Plaintiffs' ATDS class be certified, class discovery, class certification expert disclosure, and class certification briefing will follow, at substantial time and expense.  eXp Realty would also be required to litigate this action based on a definition of an ATDS that could be invalidated by the Supreme Court in *Duguid*.  As the claims and defenses in this dispute will undeniably be impacted by the Supreme Court's decision in *Duguid*, granting a stay would allow both parties to save the time and expense associated with the putative class proceedings until the definition of an ATDS is clarified.

The prudence of a stay is especially apparent given the early stage of this litigation.  For example, in St. *Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215-AGF, 2015 U.S. Dist. LEXIS 150776, at *12-13 (E.D. Mo. Nov. 4, 2015), the Eastern District of Missouri stayed proceedings pursuant to an FCC decision interpreting the TCPA on the grounds that "staying the case now would not significantly disrupt the litigation process" because "the parties have conducted little, if any, discovery; and other than the instant motions, no substantive issues have

7

been or are scheduled to be litigated." Because the case is at an early stage, similar to *St. Louis Heart Ctr.*, a stay of this litigation would not disrupt the litigation process and would not unduly prejudice Plaintiff. *Id.* at *12-13. Given that the decision in *Duguid* is likely to be made "within a reasonable time in relation to the urgency of the claims presented to the [C]ourt," *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 864 (9th Cir. 1979), there is no risk of irreparable harm and a miscarriage of justice if this action is stayed. Granting a stay in this action therefore would not prejudice Plaintiff, and would, in fact, benefit both parties to this dispute. Good cause therefore exists, for reasons of judicial efficiency and economy, to stay the proceedings. The requested stay of proceedings is reasonable and will not prejudice Plaintiff.

Furthermore, allowing this case to proceed when the Supreme Court is set to issue a ruling on the critical definition of an ATDS, would impose a hardship on eXp Realty because it may be forced to engage in briefing issues before this Court and discovery that is rendered unnecessary or moot by the Supreme Court's ruling. *Bowden v. Contract Callers, Inc.*, No. 16-CV-06171-MMC, 2017 WL 1732017, at *3 (N.D. Cal. Apr. 5, 2017) (concluding that denying a stay during the pendency of ACA International would "force the parties to spend time and money conducting discovery on a critical issue of liability without knowing what law will ultimately apply at summary judgment or at trial—a fools errand to say the least.") (internal quotation marks and citation omitted); *Bosia v. Ocwen Loan Servicing, LLC*, No. 17-cv-02701-MMC, 2017 U.S. Dist. LEXIS 121786, at *7 (N.D. Cal. Aug. 2, 2017) (same). Thus, a temporary stay of this action is warranted.

In sum, this Court has the authority to stay the case, and good cause exists, for reasons of judicial efficiency and economy, to stay the proceedings. The requested stay of proceedings is reasonable and will not prejudice Plaintiffs.

### III.     CONCLUSION

For the foregoing reasons eXp Realty respectfully requests that the Court stay this matter to await the United States Supreme Court's decision in *Facebook Inc. v. Duguid*, Case No. 19-511.

### **RULE 3.01 CERTIFICATION**

As required by Local Rule 3.01(g), counsel for eXp Realty conferred with Plaintiffs' counsel, who represented that Plaintiffs oppose this request

Dated:  July 28, 2020                                   Respectfully submitted,


                                                        SQUIRE PATTON BOGGS (US) LLP

                                                         /s/ *Jason Daniel Joffe*
                                                        Jason Daniel Joffe
                                                        Florida Bar No. 0013564
                                                        200 S. Biscayne Blvd.
                                                        Suite 4700
                                                        Miami, FL 33131
                                                        Telephone: (305) 577-7000
                                                        Facsimile : (305) 577-7001
                                                        Email:  jason.joffe@squirepb.com
                                                        *Counsel for Defendant Equifax Information Services LLC*

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2020, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ *Jason Daniel Joffe*
Jason Daniel Joffe