UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUCE WRIGHT, JORGE
VALDES and EDWIN DIAZ,
individually and on behalf of all
others similarly situated,

          **Plaintiffs,**

v.                                         **Case No: 6:18-cv-1851-PGB-EJK**

EXP REALTY, LLC,

          **Defendant.**
_____/

## ORDER

This cause comes before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 208 (the "**Motion**")) and the parties Notice of Amended Class Action Settlement Agreement (Doc. 211). The Court has reviewed the Motion, including the Amended Class Action Settlement Agreement (Doc. 211-1 (the "**Settlement Agreement**")) between Plaintiff Edwin Diaz, individually, and as representative of the Class, and Defendant EXP Realty, LLC. Based on this review and the findings below, the Motion is due to be **GRANTED**.

It is **ORDERED AND ADJUDGED** as follows:

1. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement and hereby

> **FINDS** that the settlement falls within the range of reasonableness meriting possible final approval.

2. The Court hereby **PRELIMINARILY APPROVES** the Settlement Agreement (Doc. 211-1) and the terms and conditions of settlement set forth therein, subject to the terms of this Order and further consideration at the Final Approval Hearing.

3. The Court **FINDS** the Notice, Summary Notice and Claim Form (Doc. 211-1, pp. 43–57), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

    a. Therefore, the Court hereby **PRELIMINARILY APPROVES** the Class Notice, Claim Form, and Summary Notice (Doc. 211-1, pp. 43–57).

    b. The Court further **FINDS** that the Notice Plan described in the Settlement Agreement (Doc. 211-1, pp. 20–24) is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to inform the Class of the pendency of the Litigation, certification of a settlement class, the terms of the Settlement, Class Counsel's fee application, the claim process, and

2

their rights to opt-out of the Class or object to the Settlement. The Notice and Notice Plan constitute sufficient notice to all persons entitled to notice such that they satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitution's Due Process requirements.

4. The Court **FINDS** that the Class is the same class previously certified by this Court under Rule 23 (Docs. 174, 175) and shall remain certified for purposes of the Settlement. FED. R. CIV. P. 23.

5. **Appointment of the Settlement Administrator and the Provision of Class Notice**. KCC LLC is appointed as the Settlement Administrator. The Settlement Administrator will notify Class Members of the settlement in the manner specified in the Settlement Agreement and the Notice Plan described therein.

6. **Claim for Settlement Award**. To receive an award under the Settlement Agreement, Class Members must accurately complete and submit a Claim Form to the Settlement Administrator **sixty (60) calendar days** after the Notice Date, as specified in the Notice.

7. **Objection to Settlement**. Any Class Member who has not submitted a timely written exclusion request pursuant to Paragraph 9 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the fees, costs, and expenses award must have their objection filed with the Court or mailed to the Clerk's Office of the United

States District Court for the Middle District of Florida, George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801, by no later than the Opt-Out Deadline. Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Wright v. eXp Realty, LLC*, No. 6:18-cv-01851-PGB-EJK" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Class Member, including the phone number(s) at which he or she received call(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear. A Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member. No Class Member

4

shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived.

8. **Failure to Object to Settlement**. Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

9. **Requesting Exclusion**. Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. Any Class Member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from this Settlement. This written request for exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and postmarked no later than the Opt-Out Deadline. A request for exclusion must be signed by the Class Member, and must include the Class Member's name, address, and the telephone number that allegedly received a call made by or on behalf of Defendant during the Settlement Class Period and must clearly state that the Person wishes to be excluded from the Litigation and the Agreement. A request for exclusion that does not

5

      include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person serving such a request shall be a member of the Class and shall be bound as a Class Member by the Court's Orders in this Litigation and by this Agreement, if approved. The request for exclusion must be personally signed by the Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

10. **Certification**. The Court maintains certification of the already certified Class (Docs. 174, 175), which is defined as a class of all regular users or subscribers to numbers assigned to wireless carriers to which a call was attempted by a real estate agent affiliated with Defendant, using a Mojo dialer or a Vulcan7 dialer, resulting in a disposition of "Drop Message" if using the Mojo dialer or a disposition of "Voicemail" if using the Vulcan7 dialer, and for whom the lead source for the call is identified as either Mojo, Vulcan7, or Landvoice, from October 30, 2014 through September 29, 2021. Excluded from the Class are: (1) the Judge presiding over this action (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement) and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from

6

the class; and (4) the legal representatives, successors or assigns of any such excluded person(s).

11. **Appointment of Class Representative and Class Counsel**. The Court maintains the appointment of Plaintiff Edwin Diaz as Representative Plaintiff for the Settlement, and the appointment of the law firm of Kaufman P.A. and the Law Offices of Stefan Coleman, P.A. as Class Counsel for the Settlement. Representative Plaintiff and Class Counsel must fairly and adequately protect the Settlement Class's interests.

12. **Stay of Other Proceedings**. The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement are stayed pending the Final Approval Hearing and issuance of any final order and judgment.

13. **Termination**. If the Settlement is terminated or fails to become effective for any reason except for bad faith action by the Settling Parties or their Counsel, the Settling Parties will be restored to their respective positions in the Litigation as of November 22, 2021. In such event, the terms and provisions of the Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the

Court in accordance with the terms of this Agreement will be treated as vacated.

14. **No Admissions**. Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

15. **Stay of Dates and Deadlines**. All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order. Pending final determination of whether the Settlement should be approved, Representative Plaintiff, all persons in the Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

16. **Modifications**. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such nonmaterial modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

17. **Final Approval Hearing**. On **August 12, 2022, at 10:30 am**, the Court will hold a Final Approval Hearing in Courtroom 4B of the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801, to hear any in-person objections from parties who gave the Court proper notice of their intent to appear in the manner specified and to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Plaintiff's and Class Counsel's motion for attorneys' fees and expenses for Class Counsel shall be filed **thirty-five (35) calendar days** before the Final Approval Hearing. Plaintiff's motion in support of the Final Judgment shall be filed **fifteen (15) calendar days** before the Final Approval Hearing. This Court may order the Final Approval Hearing to be postponed, adjourned, continued, or set for remote appearances. If that occurs, the updated hearing date or location shall be posted on the Class Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Class Members.

18. **Summary Timeline.** This Order provides for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing, which may be modified or extended only by Order of the Court:

| Event | Date |
|---|---|
| Notice Date | 30 days after Preliminary Approval |
| Deadline for filing papers in support of Class Counsel's application for an award of attorneys' fees and expenses | 35 days prior to Final Approval Hearing |
| Claims Deadline | 60 days after the Notice Date |
| Opt-Out Deadline | 60 days after the Notice Date |
| Deadline for filing Motion for Final Approval | 15 days prior to the Final Approval Hearing |
| Responses to Objections | 7 days prior to the Final Approval Hearing |
| Final Approval & Fairness Hearing | 126 days after entry of Preliminary Approval |

**DONE AND ORDERED** in Orlando, Florida on April 8, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

10