UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:18-CV-01851-PGB-EJK

**BRUCE WRIGHT, JORGE VALDES, EDWIN DIAZ,** individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**EXP REALTY, LLC,**

    Defendant.

**CLASS ACTION**

## DECLARATION OF STEFAN COLEMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS COUNSEL FEES AND EXPENSES

Stefan Coleman declares as follows:

1. I am one of the attorneys designated as Class Counsel under the Settlement Agreement entered into with Defendant eXp Realty, LLC.[1] I submit this declaration in support of Class Counsel's Motion for Class Counsel Fees and Expenses. Except as otherwise noted, I have personal knowledge of the facts set

---

[1] All capitalized defined terms used herein have the same meanings ascribed in the Agreement.

1

forth in this declaration, and could testify competently to them if called upon to do so.

2. In this Litigation, my office co-counseled with Kaufman P.A. Both my firm and the Kaufman firm have dedicated substantial resources to the Litigation's prosecution, and we intend to continue doing so through the duration of the Litigation.

3. Class Counsel are particularly experienced in the litigation, certification, and settlement of nationwide TCPA class action cases.

4. I am a graduate of the University of Virginia and the University of Miami School of Law. I have practiced law for over thirteen years in which time I have participated in a number of significant class actions on behalf of consumers. The following is a brief list of some of the class actions in which I have participated:

- *Pimental v. Google Inc.*, a Telephone Consumer Protection Act case that resulted in a $6 million settlement for consumers who received a text message from Google's Slide app.

- *Woodman v. ADP Dealer Services, Inc., et al.,* a Telephone Consumer Protection Act case that resulted in a $7.5 million settlement for consumers who received unsolicited text messages promoting car sales.

- *Lanza v. Palm Beach Holdings., et al.,* a Telephone Consumer Protection Act case that resulted in a $6.5 million settlement for consumers who received unsolicited text messages.

- *Kolinek v Walgreen, Co.* a Telephone Consumer Protection Act case that resulted in an $11 million settlement for consumers who received unsolicited calls to their cell phone.

- *Hopwood v. Nuance Communications., et al.,* a Telephone Consumer Protection Act case that resulted in a $9.24 million settlement for consumers who received unsolicited calls.

- *Kran v. Hearst* a Telephone Consumer Protection Act case that resulted in a $2.1 million settlement for consumers who received unsolicited calls.

- *Schlossberg v. Gannett Co., Inc.* a Telephone Consumer Protection Act case that resulted in a $13.4 million settlement for consumers who received unsolicited calls.

- *Mendez v. Price Self* Storage, a Telephone Consumer Protection Act case that resulted in a $450,000 settlement for consumers who received unwanted text messages.

- *Newby v. Rita's Water Ice Franchise.,* a Telephone Consumer Protection Act case that resulted in a $3 million settlement for consumers who received unsolicited text messages.

- *Flanigan v. The Warranty Group, Inc. and American Protection Plans LLC d/b/a American Residential Warranty.*, a Telephone Consumer Protection Act case that resulted in a $16 million settlement for consumers who received unsolicited calls.

- *Martin v. Global Marketing Research Services*, a Telephone Consumer

3

Protection Act case that resulted in a $10 million fund for consumers who received unsolicited calls.

- *Stone & Co. v. LKQ Corporation*, a Telephone Consumer Protection Act case that resulted in a $3.26 million fund for consumers who received a fax from the defendant.

- *Dobkin v. NRG*, a Telephone Consumer Protection Act case that resulted in a $7 million fund for consumers who received an unwanted calls from the defendant.

- *Gergetz v. Telenav,* a Telephone Consumer Protection Act case that resulted in a $3.5 million fund for consumers who received a text message from the Defendant.

- *Bowman v. Art Van Furniture*, a Telephone Consumer Protection Act case that resulted in a $5.87 million fund for consumers who received unwanted phone calls from the Defendant.

5. Class Counsel zealously represented Plaintiff and the Settlement Class Members' interests throughout the litigation and will continue to do so.

6. Below, I set forth the nature of the work I performed in the Litigation to demonstrate why Class Counsel's request for attorneys' fees and expenses is reasonable and should be approved by the Court.

7. I was involved in all major aspects of litigating this Litigation. Those efforts generally fell into the following categories: (a) pre-filing investigation and pleadings; (b) post-filing investigation and discovery; (c) law and motion practice;

(d) settlement; and (e) case and settlement management.

8.     I am the attorney who performed the activities categorized below and have reviewed my time records in connection with the preparation of this Declaration. The purpose of this review was to confirm the accuracy of the time entries, as well as the necessity for, and reasonableness of, the time and expenses committed to this Litigation. As a result of this review, I believe the time reflected herein and the expenses for which payment is sought are reasonable and were necessary for the effective and efficient prosecution and resolution of the Action. In addition, I believe that the expenses are all of a type that would be typically charged to an hourly fee-paying client in the private legal market.

9.     In total, I devoted 845.4 hours to this litigation, as of July 8, 2022.[2] A breakdown of my lodestar is provided below. The total lodestar amount for my time is based on the hourly rate of $730.

### Pre-filing Investigation and Pleadings

10.    Before filing the Litigation, my firm conducted a months long investigation into the facts of the case, including by investigating plaintiff Wright's relationship and experiences with Defendant, if any, extensively investigating the callers, Defendant and its business practices, as well as researching the potential claims plaintiff and the Class had against the Defendant. This phase also involved preparing and revising the Complaint and other initiating documents. After the initial

---

[2] Detailed billing records are available for the Court's in camera inspection on request.

5

pleading, this phase also involved investigating the claims of additional plaintiffs, including extensively researching the realtors who called plaintiffs and their affiliation with Defendant; and preparing and revising the Amended Complaint. This phase also included extensive communication with plaintiffs regarding development of the facts and pleadings, including by gathering and reviewing plaintiffs' records and researching and reviewing extensive publicly available information concerning Defendant, its realtors, their affiliation and training, lead generation vendors, dialing platforms, and Defendant's business practices.

| *Timekeeper* | *Hourly Rate* | *Hours Worked* | *Lodestar* |
|---|---|---|---|
| Stefan Coleman | $730 | 145.6 | $106,288 |

### Post-filing Investigation and Discovery

11. In this phase of litigation the work performed by my firm included, but was not limited to, communicating with plaintiffs regarding the facts pertinent to their claims, the progress of the case; and preparing plaintiffs' initial disclosure and discovery responses; and preparing Representative Plaintiff for his deposition.

12. This category also includes the extensive time spent strategizing regarding discovery, including areas of inquiry and potential third parties involved with Defendant's telemarketing; preparing and revising discovery requests to Defendant; continuing investigation of Defendant's practices and procedures; preparing and revising subpoenas to third party vendors and agents; strategizing and preparing for depositions of Defendant and lead generation and dialing platform

6

vendors; analyzing and reviewing Defendant's discovery responses; analyzing and reviewing third party subpoena responses; reviewing and analyzing thousands of documents, excel spreadsheets, and videos produced by Defendant; and reviewing and analyzing thousands of pages of electronic documents produced by third parties, including telephone carriers, lead generation and dialing platform vendors, and realtors, including extensive analysis of call logs.

13. This category also includes analyzing the need for experts and areas of expertise; selecting and retaining plaintiffs' experts; working with the experts and reviewing Plaintiffs' experts' reports; and analyzing Defendant's expert report.

14. Finally, this category also includes reviewing, analyzing and strategizing concerning trial preparation, including selection of training videos and documents for use in trial; and reviewing and analyzing Defendant's exhibit list.

| *Timekeeper* | *Hourly Rate* | *Hours Worked* | *Lodestar* |
|---|---|---|---|
| Stefan Coleman | $730 | 447.9 | $326,967 |

### Law and Motion Practice

15. During this phase of the litigation, my work included, but was not limited to, analyzing Defendant's pleadings; analyzing, researching, and briefing responses to Defendant's motions to stay and motion to strike class allegations; analyzing and briefing dispositive motions (twice) and Representative Plaintiff's motion for class certification (twice), including extensive research concerning vicarious liability; revising Plaintiff's motion to strike initial disclosures; revising

7

and analyzing pretrial submissions and motions in limine; reviewing and revising class notice forms; analyzing and responding to Defendant's motion to stay or reopen discovery and motion to enforce the scheduling order or for protective order; analyzing and revising response to the partial motion to dismiss based on personal jurisdiction; reviewing and revising response to Defendant's Eleventh Circuit petition to appeal this Court's class certification order; and reviewing and revising the motions for preliminary approval and for Class Counsel fees and expenses.

| *Timekeeper* | *Hourly Rate* | *Hours Worked* | *Lodestar* |
|---|---|---|---|
| Stefan Coleman | $730 | 172.8 | $126,144 |

**Settlement**

16. During this phase of the litigation, my firm was engaged in coordinating mediations; strategizing regarding and participating in settlement negotiations, including, but not limited to, conferring with co-counsel regarding mediation and continuing settlement negotiations after mediation; participating in settlement calls with plaintiffs; and reviewing and revising various iterations of the settlement agreement and associated documents.

| *Timekeeper* | *Hourly Rate* | *Hours Worked* | *Lodestar* |
|---|---|---|---|
| Stefan Coleman | $730 | 38.6 | $28,178 |

### Case and Settlement Management

17. During this phase of the litigation, my firm was engaged in overseeing case management issues; strategizing and coordinating tasks with co-counsel; coordinating and revising forms for adversarial Class notice; overseeing Settlement administration, including but not limited to communications with Class Members regarding the Settlement and settlement website and engaging and overseeing ContactPoint360.

18. On June 1, 2022, my firm engaged ContactPoint360 at our cost, to call Class Members and notify them about the Settlement and the settlement website where they could file a claim. Contact360 called each Class Member at least one time. The calling campaign employed around 47 agents per day working 9-10 hours per day. The cost of this calling campaign to my firm exceeds $70,000 for which we are not seeking reimbursement.

| *Timekeeper* | *Hourly Rate* | *Hours Worked* | *Lodestar* |
|---|---|---|---|
| Stefan Coleman | $730 | 40.5 | $29,565 |

### Reasonable Expenses

19. The costs incurred by my firm for which we are seeking reimbursement total $65,977.04, which were reasonable and necessary to the effective litigation of this case and are the types of expenses that would typically be billed to clients in non-contingency matters, and therefore should be approved. Class Counsel incurred

9

these costs at the risk of receiving nothing in return. The costs reasonably expended in this action include the following:

| *Expenses* | *Amount* |
|---|---|
| Third party production costs | $450.00 |
| Process server costs | $1,325.00 |
| Experts | $46,445.00 |
| Mediation | $17,757.04 |
| Total | $65,977.04 |

20. The expenses incurred in this Litigation are reflected in the books and records of my firm. These books and records are prepared from receipts, check records, credit card statements, and other source materials, and are accurate records of the expenses incurred.

21. Class Counsel represented plaintiffs and the Class on a purely contingent basis. Class Counsel assumed the significant risk that they would not be compensated for time and out of pocket expenses invested into this contentious case. This risk of nonpayment incentivized counsel to work efficiently, to prevent duplication of effort, and to advance expenses responsibly.

22. Class Counsel assumed significant risk of nonpayment in initiating and expending attorney hours in this case given the complex legal issues involved, changing TCPA legal landscape, and Defendant's vigorous defense of plaintiffs'

and the Class's claims.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: July 8, 2022                     <u>*/s/ Stefan Coleman*</u>
                                        Stefan Coleman