UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:18-CV-01851-PGB-EJK

**BRUCE WRIGHT, JORGE VALDES, EDWIN DIAZ,** individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**EXP REALTY, LLC,**

    Defendant.

CLASS ACTION

## ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

This Court has reviewed the motion for final approval of class settlement filed in this Litigation, including the Class Action Settlement Agreement ("Settlement Agreement").[1]  Having read all of the papers filed in connection therewith, as well as all of the evidence and argument submitted with respect to the proposed Settlement, the Court finds that the proposed Settlement is fair, reasonable, and adequate. The Court therefore FINDS AS FOLLOWS:

    1.    The Court has personal jurisdiction over all Class Members, and the

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

Court has subject-matter jurisdiction to approve the Settlement, including all exhibits thereto.

2.      The Notice and the Notice Plan implemented pursuant to the Settlement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

3.      The Court maintains certification of the previously certified settlement Class for which the Court granted preliminary approval, which is defined as a class of all regular users or subscribers to numbers assigned to wireless carriers to which a call was attempted by a real estate agent affiliated with Defendant, using a Mojo dialer or a Vulcan7 dialer, resulting in a disposition of "Drop Message" if using the Mojo dialer or a disposition of "Voicemail" if using the Vulcan7 dialer, and for whom the lead source for the call is identified as either Mojo, Vulcan7, or Landvoice, from October 30, 2014 through September 29, 2021. Excluded from the Class are: (1) the Judge presiding over this action (or the Judge or Magistrate

presiding over the action through which this matter is presented for settlement) and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded person(s).

    4.    Pursuant to Fed. R. Civ. P. 23(e), the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, taking into account the following factors: (1) the absence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

    5.    The plan for distribution of the Settlement Sum is fair and equitable. The Settlement Administrator shall perform the distribution to Class Members following the process set forth in the Settlement Agreement without further order of this Court.

    6.    Class Members have been given due and adequate notice of the

Settlement Agreement.

7. There are no objections.

8. There are 2 opt-outs.[2]

9. The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement.

10. Under the Settlement Agreement, Class Counsel is permitted to seek Court approval of attorneys' fees and documented and reasonable expenses and costs. Having considered Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and considering the percentage of the fund, lodestar cross-check, the quality of representation provided and the results obtained, as well as a number of other factors, Class Counsel is awarded attorneys' fees of $8,970,000.00, and reimbursement of costs and expenses of $106,262.05, representing fair and reasonable compensation and reimbursement for Class Counsel's efforts in investigating, litigating, and settling this action.

11. Under the Settlement Agreement, the Settlement Administrator shall be paid exclusively from the Settlement Sum and all sums advanced by Defendant toward Settlement Administration Expenses before the Funding Date, if any, shall be deducted from the Settlement Sum. The Settlement Administration Expenses

---

[2] A list of opt outs is included as an exhibit to this Order.

are $274,369.44. Those costs are reasonable in light of the costs for, among other things, emailed and mailed notice, claim verification, and distribution of settlement funds to more than two hundred thousand Class Members.

12. All payments of attorneys' fees and reimbursement of expenses to Class Counsel, and Settlement Administration Expenses in this Action shall be made from the Settlement Sum, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses, and/or notice expenses. The Released Parties' only and total liability is the Settlement Sum.

13. Accordingly, the Court hereby finally APPROVES the proposed settlement as reflected in the Settlement Agreement, the respective terms of which, including but not limited to the releases, are hereby incorporated by reference as though fully set forth herein.

14. The Court having granted final approval to the Settlement Agreement, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. Immediately upon entry of this Final Judgment by the Clerk, this action shall be closed according to the Court's standard practices.

2. The Settlement Agreement is approved as fair, reasonable, and adequate as to, and in the best interests of, Class Members.

3. The Parties are hereby directed to implement and consummate the

Settlement, including to take all actions required under the terms and provisions of the Settlement Agreement.

4. To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be *res judicata*, and to prohibit and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses or losses arising out of or relating to the claims released under the Settlement Agreement.

5. All persons who are Class Members are bound by this Final Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the Settlement Agreement.

6. The Court shall retain continuing jurisdiction over this action as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to settlement administration; and (iii) enforcement of this Final Approval Order and Judgment, and any order relating to attorneys' fees.

7. This Action (including all individual claims and Class Member claims asserted therein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement. No just

reason exists for delay in entering this Final Judgment.

DONE AND ORDERED in Orlando, Florida on 26, 2022.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

## OPT-OUTS

1. Walter Campbell
2. Janet Lundin